## No. 6004.

### CITY OF NEW ORLEANS vs. LAFAYETTE INSURANCE COMPANY.

The sole ground upon which the Lafayette Insurance Company, defendant and appellant, seeks a reversal of the judgment of the court a qua is, that it paid one thousand dollars for the year 1875 to the State, and that by the statutes of 1871, 1872, and 1874 it is provided that the payment of this license by any insurance company should be deemed a full acquittance for all taxes imposed by State, parish, or municipal authority for the year for which said one thousand dollars are paid, except taxes on real estate owned by said company.

To this it is correctly answered that under the constitution of 1868 the General Assembly can not commute taxes, because article 118 prohibits the General Assembly from exempting property from taxation, except such as is actually used for school, church, or charitable purposes, and declares taxation shall be equal and uniform throughout the State, and all property shall be taxed in proportion to its value.

This limitation upon the power of taxation given to the General Assembly precludes the idea of the existence of power to commute taxes.

The capital of an insurance company is its property, and by the constitution it must be taxed like the property of natural persons, in proportion to the value thereof. There can be no discrimination among the owners of property. Therefore the portions of the statutes relied on by defendant exempting insurance companies from taxation are repugnant to article 118 of the constitution and void.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins, J.* *Samuel P. Blanc,* Assistant City Attorney, for plaintiff and appellee. *Alfred Shaw,* for defendant and appellant.

WYLY, J. The city of New Orleans recovered judgment by confirming a default, after proper notice, against the Lafayette Insurance Company for seven hundred and fifty dollars for city taxes on its capital for the year 1875. From this judgment defendant appeals.

The petition for injunction and other documents found in the transcript, which are not part of the evidence, will not be noticed.

The sole ground upon which appellant seeks a reversal of the judgment is, it paid a license of one thousand dollars for the year 1875 to the State, and by the statutes of 1871, 1872, and 1874 it is provided that the payment of this license-tax by an insurance company "shall be deemed a full acquittance for all taxes imposed by State, parish, or municipal authority for the year for which said one thousand dollars is paid, except taxes on real estate owed by said company." In other words, the defense is the the payment of $1000 license under the law by an insurance company is a commutation of all taxes claimed by State or city on the capital of said insurance company for that year.

To this the answer is, under the constitution of 1868, the General Assembly can not commute taxes, because article 118 prohibits the General Assembly from exempting property from taxation, except such as is actually used for church, school, or charitable purposes, and declares "taxation shall be equal and uniform throughout the State," and "all property shall be taxed in proportion to its value." This article restricts the exercise of the taxing power. Taxation must be equal and uniform and *ad valorem* upon all property throughout the State if levied for State purposes, or throughout the city if levied for city purposes. This requirement of the constitution is mandatory, and it precludes the exercise of the taxing power, except in the manner indicated. And this limitation upon the power of taxation given to the General Assembly precludes the idea of the existence of power to commute taxes. If the General Assembly can commute the taxes of one person, they may of another. All insurance companies do not own the same amount of capital. One may have double the amount of another; yet if one thousand dollars be the commutation tax it will not be equal, uniform, and *ad valorem* on the property of insurance companies. If an insurance company paying a license of one thousand dollars have a capital of one million of dollars, the burden of taxation will not fall so heavily on it as on a commercial firm having a like capital subject to all the State and city taxes levied thereon. The capital of an insurance company is its property; and by the constitution it must be taxed like the property of natural persons, in proportion to the value thereof. There can be no discrimination among the owners of property where the power of taxation is employed, because the constitution declares "all property shall be taxed in proportion to its value," and "taxation shall be equal and uniform

throughout the State." It also prohibits the exemption of property from taxation, except such as is actually used for church, school, or charitable purposes. Under previous constitutions it was held the General Assembly could exempt property from taxation, and power to exempt property from taxation included authority to commute taxes; for a commutation of taxes is an exemption from ordinary taxation conditioned upon payment of a specified sum or other consideration.

The decisions of this court under previous constitutions which permitted the General Assembly to exempt property from taxation, to the effect that the General Assembly may commute taxes, are not authority controlling this case arising under the constitution of 1868, which prohibits the exemption of property from taxation, except such as is actually used for church, school, or charitable purposes.

The case of the Louisiana State Lottery Company vs. City of New Orleans, 24 An. 86, cited by defendant, was not like the case now before the court. In that case the city claimed no taxes upon the capital of the Lottery Company. The controversy was whether said company was liable to take out a license from the city, or whether the city could demand a license from it. Of course there was no want of power in the General Assembly to agree, in consideration of a certain sum, to exempt said company from all licenses, State and municipal; because in regard to licenses there is no constitutional restriction or limitation. It is only in regard to taxes. What was said in that decision beyond the issue presented by the pleadings was unnecessary and is not authoritative.

Our conclusion is, those provisions of the statutes relied on by defendant, exempting insurance companies from taxation, are repugnant to article 118 of the constitution and void.

Judgment affirmed.